IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RASHAN JOHNSON, | § | |
| | § | |
| Defendant Below- | § | No. 378, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 1309005340 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: January 7, 2015
Decided: February 3, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 3rd day of February 2015, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1)   In March 2014, a Superior Court jury convicted the defendant-appellant, Rashan Johnson, of one count each of Possession of a Firearm by a Person Prohibited, Possession of Ammunition by a Person Prohibited, Carrying a Concealed Deadly Weapon, and Resisting Arrest.  The Superior Court sentenced him to a total period of twenty-two years at Level V incarceration to be suspended after serving eleven years in prison for decreasing levels of supervision.  This is Johnson's direct appeal.

(2)     Johnson's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Johnson's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Johnson's attorney informed him of the provisions of Rule 26(c) and provided Johnson with a copy of the motion to withdraw and the accompanying brief. Johnson also was informed of his right to supplement his attorney's presentation. Johnson raises one issue on appeal. He asserts that the Superior Court erred in denying his pretrial motion to suppress because police officers lacked reasonable suspicion to stop him. The State has responded to Johnson's point, as well as to the position taken by Johnson's counsel, and has moved to affirm the Superior Court's judgment.

(3)     The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

(4)     In reviewing the Superior Court's denial of Johnson's suppression motion, we defer to the Superior Court's factual findings, but we review *de novo* the Superior Court's legal conclusions.[2] A police stop is justified only if there are specific and articulable facts, together with rational inferences, to suggest that a suspect is committing, has committed, or is about to commit a crime.[3] In determining whether reasonable suspicion existed to justify a detention, courts will defer to the experience and training of law enforcement officers.[4]

(5)     In this case, officers testified at the suppression hearing that they were on patrol driving westbound on Fourth Street in the City of Wilmington on September 8, 2013 around 1:00 AM.  The officers observed three individuals walking near the intersection of Fourth and Broom Streets.  The two individuals who were walking in front of the third appeared to be juveniles who were out past the City's curfew.[5]  The officers could not clearly see the third individual, so they drove their unmarked squad van around the block in order to get a better view of the trio.  As they approached, the officers stopped the van about 15 to 20 feet from the trio.  One of the officers, who was wearing a tactical vest with the word

[2] *State v. Rollins*, 922 A.2d 379, 382-83 (Del. 2007).

[3] *Woody v. State*, 765 A.2d 1257, 1262 (Del. 2001) (*citing Terry v. Ohio*, 392 U.S. 1, 30 (1968)).

[4] *Id.*

[5] Johnson does not challenge the Superior Court's conclusion that the police officers had reasonable suspicion to suspect that two of the individuals were in violation of the curfew ordinance.

"Police" printed on it, exited the van and identified himself as a police officer. The individual in the rear turned to run. As he did so, the officer saw him retrieve a gun from his waistband. The officer then ordered him to stop. The individual, who turned out to be Johnson, continued to flee. The officer gave chase. After running about thirty feet, Johnson turned down a stairwell and hit a wall, which caused him to fall and drop the gun. The officer arrested Johnson and recovered the gun.

(6)    Johnson filed a pretrial motion to suppress the gun, arguing that the officers did not have reasonable suspicion to stop him. The Superior Court denied Johnson's motion, finding that the officers had reasonable suspicion to stop Johnson because the officers saw Johnson and two individuals who appeared to be juveniles walking in the city after curfew. The officers did not have a clear view of Johnson, but the Superior Court found it was reasonable for them to suspect that he might also be a juvenile in violation of the City's curfew. The Superior Court thus concluded that there was reasonable and articulable suspicion to justify the initial investigatory stop.[6] The Superior Court found that upon exiting the vehicle and identifying themselves as "police," one of the officers saw Johnson pull a gun from

---

[6] *See* 11 *Del. C.* § 1902; *Miller v. State*, 922 A.2d 1158, 1162 (Del. 2007) (holding that officer's observation of defendant loitering in front of vacant building at night justified initial investigatory detention). Alternatively, the Superior Court found that the stop did not actually occur until the after Johnson turned to run and the officer saw the gun and then ordered him to stop.

his waistband as he turned to run. At that point, the Superior Court held, the officer had probable cause to arrest Johnson.

(7) Johnson disputes the Superior Court's finding that he was walking together with the other two individuals. He also disputes the Superior Court's finding that the officer did not order him to stop until the officer saw Johnson pull the gun from his waistband. This Court, however, defers to the Superior Court's factual findings unless those findings are clearly erroneous.[7] In this case, there is sufficient evidence in the record to support the Superior Court's findings of fact. Under the circumstances, we find no abuse of discretion or legal error in the Superior Court's denial of Johnson's motion to suppress. The totality of the circumstances supports a finding that the officers had reasonable and articulable suspicion to stop Johnson initially.[8] Once the officer saw Johnson pull out a gun as he turned to flee, the officer had probable cause to arrest.[9]

(8) This Court has reviewed the record carefully and has concluded that Johnson's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Johnson's counsel has made a conscientious effort to examine the record and the law and has properly determined that Johnson could not raise a meritorious claim in this appeal.

---

[7] *State v. Rollins*, 922 A.2d at 383.

[8] *Id.* at 386.

[9] *Stafford v. State*, 59A.3d 1223, 1228-29 (Del. 2012).

5

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ *Randy J. Holland*
Justice